**E-FILED**

Thursday, 12 February, 2009  11:16:42 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 97-30025 |
| | ) | |
| CHARLES R. ROBINSON, IV | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Defendant Charles Robinson seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582.

The motions [d/e 212, 213] are denied.

### I.  BACKGROUND

These motions are the latest chapter in Robinson's long struggle to have his 100-year sentence reduced.  *See Robinson v. United States*, 416 F.3d 645, 646-47 (7th Cir. 2005) (summarizing much of the history of this case).  Robinson's odyssey through the federal court system began in

December 1997, when a jury convicted him of (1) possession of cocaine and cocaine base with intent to distribute, (2) possession of cocaine base with intent to distribute, and (3) possession of cocaine base.

At sentencing, this Court found that Robinson was a career offender, meaning that his criminal history fell into Category VI and his base offense level would be at least 34.  U.S.S.G. § 4B1.1.  Relying on statements in the Presentence Report ("PSR") that attributed over 5 kilograms of cocaine base to Robinson, the Court set the base offense level at 38.  Additionally, the Court found that Robinson's offense level offense should be enhanced by eight points.  This would have brought the offense level to 46, but the Guidelines max out at 43.  Regardless of criminal history, a base level offense of 43 calls for a life sentence.  This Court imposed a sentence of 100 years.  *See United States v. Robinson*, 164 F.3d 1068, 1068-70 (7th Cir. 1999).

On appeal, the Seventh Circuit affirmed Robinson's conviction and much of the sentencing analysis, but reversed and remanded regarding the amount of cocaine base because of concerns about the PSR testimony.

Before remanding, however, the Court observed that in light of the 8 level enhancement, Robinson would only be entitled to relief if his base level offense should have been put at 34.[1]  If the offense level were any higher, the 8 levels of enhancement would leave him at level 43.  At that time, a base offense level of 34 covered between 150 and 500 grams of crack.  *Id.* at 1070-71.

Accordingly, on remand, this Court limited its inquiry to determining whether Robinson was accountable for less than 500 grams of cocaine base. *United States v. Robinson*, 76 F. Supp. 2d 941, 945 (C.D. Ill. 1999). Testimony was taken from three witnesses and, based partly upon their statements, the Court found Robinson dealt at least 500 grams of crack. *Id.* at 945-48.  The Seventh Circuit affirmed.  *United States v. Robinson*, 215 F.3d 1331, 2000 WL 689182 (7th Cir. May 23, 2000) (unpublished).

## II.  ANALYSIS

Robinson seeks a sentence reduction.  Under 18 U.S.C. § 3582(c)(2), such a reduction is permissible where "the defendant's sentencing range

---

[1]Because he is a career offender, Robinson cannot go lower than 34. *Robinson*,164 F.3d at 1071.

'has subsequently been lowered by the Sentencing Commission' and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Forman*, 553 F.3d 585, 2009 WL 140502, *3 (7th Cir. Jan. 22, 2009) (quoting 18 U.S.C. § 3582(c)(2)). Robinson asks this Court to reduce his sentence based on Sentencing Guidelines Amendment 706, which generally provides a two level reduction in the base offense level for crack cocaine offenses under USSG § 2D1.1.

The record, however, shows that Robinson is not entitled to a reduction. As discussed above, Robinson was subjected to an eight level increase, and therefore must show that his base offense level was 34 in order to merit any relief. *Robinson*, 164 F.3d at 1071. The question, then, narrows to whether Robinson was accountable for less than 1.5 kilograms of cocaine base. *See* USSG § 2D1.1(c)(3).

Robinson argues that the Court has already found him accountable for *only* 500 grams. Not so. This Court merely found that he was responsible for *at least* 500 grams. No further finding was necessary, so the Court went no further. *See Robinson*, 76 F. Supp. 2d at 945 n.5.

4

Second, the evidence easily establishes that Robinson was responsible for more than 1.5 kilograms of crack cocaine.[2]  Looking to trial evidence and the statements of David Alton and Michael Smith, the Court found that Robinson was responsible for 143.6 grams of crack.  *Id.* at 945.

In addition to this, three witnesses testified at Robinson's re-sentencing.  The Court found all three credible.  *Id.* at 945 n.6.  First, Robinson's girlfriend, Stephanie Whitehead testified that Robinson obtained between one and three ounces (28.3495 to 85.0485 grams) of cocaine from Allen on 100 occasions (2834.95 to 8504.85 grams). According to Whitehead, Robinson converted all of the powder into crack and sold seventy-five percent of it.  *Id.* at 945-46; *Robinson*, 2000 WL 689182, *2.  Thus, even assuming a minimum of 1 ounce (28.3495 grams) per purchase and selling only 75%, Whitehead's testimony shows that Robinson was accountable for more than 1.5 kilograms of cocaine base (1 oz x 100 purchases x 28.3495 x .75 = 2126.2125 grams).

---

[2]The 27.6 grams of powder cocaine can be ignored.  *See United States v. Robinson*, 215 F.3d 1331, 2000 WL 689182, *1 n.2 (7th Cir. May 23, 2000) (unpublished).

Further, Whitehead's testimony is corroborated by Tory Clay and Scott Allen, two of Robinson's suppliers. Clay estimated that he supplied Robinson with between six and eight kilograms of powder cocaine and, on occasion, observed Robinson cooking it into crack. Again, assuming only six kilograms were supplied and only seventy-five percent sold, the number is well over 1.5 kilograms (6 kg x .75 = 4.5 kg). This testimony is further bolstered by Scott Allen, who claimed that he too had sold significant amounts of cocaine to Robinson. *Robinson*, 76 F. Supp. 2d at 946-47; *Robinson*, 2000 WL 689182, *2.

Based on this testimony, it is clear that Robinson was responsible for well over 1.5 kilograms of cocaine base. As such, his base offense level must be higher than 36. Adding in the 8 level increase, his base offense level remains at 43. Therefore, he is not entitled to any reduction in his sentence. *Forman*, 553 F.3d 585, 2009 WL 140502, *3.

### III. CONCLUSION

Ergo, Defendant's motions for a sentence reduction [d/e 212, 213] are DENIED.

IT IS SO ORDERED.

ENTERED:                                February 12, 2009

FOR THE COURT:                     /s Judge Richard Mills
                                              United States District Judge