E-FILED
Tuesday, 19 May, 2015 03:34:34 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 97-30025 |
| | ) | |
| CHARLES R. ROBINSON, IV , | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending before the Court are the following pro se motions of Defendant Charles R. Robinson, IV: a motion to alter or amend judgment [Doc. No. 263], a motion for status and motion for leave to appeal [Doc. No. 267] and a motion to alter or amend judgment [Doc. No. 268].

I.

On November 7, 2014, Defendant Charles R. Robinson IV, filed a motion for appointment of previous counsel, Howard W. Feldman, in connection with a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Pursuant to Administrative Order 14-mc-1051, the Court appointed George

Taseff of the Office of Federal Public Defender to represent the Defendant in all further proceedings. In his motion, the Defendant explicitly requested that his previous attorney on a motion under § 3582, Jonathan E. Hawley, not be appointed to represent him.[1] The Defendant recognizes that the right to appointed counsel does not extend to proceedings under § 3582(c)(2), see United States v. Tidwell, 178 F.3d 946, 949 (7th Cir. 1999), and the Court declined to appoint counsel of the Defendant's choosing.

On March 16, 2015, the Court entered an Order reducing the Defendant's sentence from a total of 1,200 months (100 years) to 960 months (80 years) imprisonment. Following the entry of the Order, but before the Amended Judgment was entered, the Defendant filed a motion to alter or amend Judgment, which the Court will construe as a motion to reconsider.

At sentencing, the Defendant was sentenced to serve three

---

[1] The Defendant's previous attorney, Jonathan E. Hawley, was the Chief Federal Public Defender in 2012 at the time he represented the Defendant in connection with a motion under § 3582. Judge Hawley is now a United States Magistrate Judge in the Central District of Illinois.

consecutive terms: 480 months on Counts 1 and 3 and 240 months on Count 2. The Court ordered that each of those terms be reduced, as follows: 360 months on Counts 1 and 3 and 240 months on Count 2, all to be served consecutively. In his motion to reconsider, the Defendant asks that the sentences be ordered to run concurrently, effectively reducing a 100-year sentence to 30 years imprisonment.

II.

The Court concludes it lacks the authority to grant the relief requested by the Defendant. In Dillon v. United States, 560 U.S. 817 (2010), the United States Supreme Court noted that a court's authority in a sentence-reduction proceeding is limited to shortening the length of a prison term and does not extend to collateral matters unrelated to the Guidelines change. See id. at 831. The Court in Dillon went on to say that the only remedy permitted by § 3582(c)(2) is a "sentence reduction within the narrow bounds established by the Commission," and not a re-sentencing. Id.

Applying the reasoning of Dillon, the United States Court of Appeals

for the District of Columbia observed that the modification of a sentencing range for a drug crime does not affect the concurrent or consecutive status of an individual's sentence. See United States v. Dunn, 631 F.3d 1291, 1292-93 (D.C. Cir. 2011). This Court agrees and holds that it does not have the authority to order that a previously imposed consecutive sentence run concurrently instead when granting a reduction under § 3582(c)(2).

Therefore, the Defendant's Motion to Reconsider [Doc. No. 263] will be Denied.

### III.

Following the entry of Judgment, the Defendant filed a motion for status and motion for leave to appeal [Doc. No. 267] and a motion to alter or amend Judgment [Doc. No. 268].

The Defendant's motion for status will be Allowed, to the extent that the Defendant will receive notice of the Court's ruling on his motions. Additionally, the Court will direct the Clerk to docket and file the Defendant's Notice of Appeal.

In his motion to alter or amend judgment, the Defendant contends

that because his Guidelines sentence is no longer life imprisonment, the counts should be ordered to run concurrently. The Defendant was not sentenced to life imprisonment due to the statutory maximums of the counts of conviction. By running the counts consecutively, however, the Defendant received an effective life term. The Defendant asserts that because the Guidelines range (or point) is no longer life imprisonment, the Court should run the terms concurrently.

For the reasons discussed above, however, the Court concludes it does not have the authority to order that previously imposed consecutive terms be ordered to run concurrently pursuant to a reduction under § 3582(c)(2).

<u>Ergo</u>, the Defendant's Motion to Reconsider [d/e 263] is DENIED.

The Defendant's Motion to Alter or Amend Judgment [d/e 268] is DENIED.

The Defendant's Motion for Status and Motion for Leave to Appeal [d/e 267] is ALLOWED.

The Clerk shall docket and file the Defendant's Notice of Appeal [d/e 267-1].

5

ENTER: May 19, 2015

   FOR THE COURT:

               s/Richard Mills
               Richard Mills
               United States District Judge