IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 97-30025 |
| | ) | |
| CHARLES R. ROBINSON, IV, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

Defendant Charles R. Robinson, IV, moves for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act.

The Government has filed a Response.

The Defendant was granted leave and did file a reply.

I.

In 1998, following his convictions on three counts related to the distribution of crack, Defendant Charles R. Robinson, IV was sentenced to 40 years each on Counts I and III, as well as 20 years on Count II. The Court ordered the sentences to run consecutively for a total sentence of 100 years, or 1200 months. In 2016, pursuant to retroactive guideline amendments, the Defendant's sentence was reduced to 360 months on Counts I and III and 240 months on Count II. The Parties

agreed that the terms should be served concurrently. The Court amended the Judgment to order that the terms be served concurrently.

The Defendant now seeks relief pursuant to 18 U.S.C. 3582(c)(1)(B) and Section 404 of the First Step Act, requesting that his sentence be reduced to time served and his supervised release period be reduced to one year.

The Parties agree that the First Step Act applies to the Defendant to the extent that the maximum sentence imposed for his convictions is altered by the First Step Act. Because each of the convictions are for distributions of less than 28 grams of crack cocaine, the statutory penalties for these offenses are different than they were at the time of the original crimes and sentences, due to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010), which adjusted the statutory penalties for crack cocaine offenses.

Although the Defendant may be considered for a reduced sentence of incarceration where his statutory mandatory minimum sentence is lowered, the Court is not required to revisit the sentence or use the discretion given by the First Step Act to reduce a sentence for a covered offense. The Defendant requests a sentence of time served, noting that if he were sentenced today under the Fair Sentencing Act, the maximum statutory penalty for the offense would be 20 years. The Defendant has served 22 years.

The Government states that the Court should exercise its discretion very carefully in this case. If the Fair Sentencing Act were in place at the time of the offense, the Defendant would have faced 0 to 20 years in prison under 21 U.S.C. § 841(b)(1)(C). Because of the amount of drugs for which Defendant was responsible—over 500 grams of crack cocaine—the Government notes he would still face a sentencing guideline range of 360 months to life. The Government claims that, when the purposes of sentencing under 18 U.S.C. § 3553 are considered, including the Defendant's criminal history and the aggravating conduct leading to his convictions, the current sentence of 360 months, at the low end of the advisory guidelines, best accounts for the severity of the offenses and the history of the Defendant.

The Government notes that the Court may also determine that the Defendant would benefit from an additional period of time in custody within which to prepare for eventual release and adjust the term of imprisonment accordingly. *See* 18 U.S.C. § 3524(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term . . . under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.") The Government asks that if the Court is inclined to reduce the

sentence to time served, the sentence be extended ten days to allow the Bureau of Prisons to appropriately process the Defendant's release.

II.

The Court has discretion whether to grant or deny relief under the First Step Act. If the Defendant were sentenced for the same crimes today, the maximum penalty he would face for each count would be 20 years. While the terms could be ordered to run consecutively, the Court determined in 2016 that the terms should be ordered to run concurrently. *See* Doc. No. 285. The Defendant does not have any institutional adjustments since that time. *See* Doc. No. 290. Accordingly, the Court has no reason to revisit its earlier determination that the prison terms shall run concurrently.

Even considering the adjustments of the Fair Sentencing Act, the Defendant continues to face a high guideline range because the Court determined at sentencing that he was responsible for over 500 grams of crack cocaine. The Court also found that several enhancements (for possessing a weapon, being an organizer or leader and obstructing justice) applied. Certainly, the Court recognizes that Defendant committed serious crimes and there were a number of aggravating factors. However, the Defendant asks the Court to base its decision on the actual counts of conviction and not simply the guideline range.

The Defendant points to a somewhat analogous district court case decided earlier this month in West Virginia. In *United States v. Stanback*, ___ F. Supp.3d ___, 2019 WL 1976445 (W.D. Va. May 2, 2019), the Government argued that the "the court should exercise its discretion and decline to reduce the sentence," based on the amount of drugs for which the defendant was responsible. *Id.* at *1, *3. Although the defendant was convicted of one count of possessing with intent to distribute 50 grams or more of cocaine base and three additional counts of distributing 5 grams or more of cocaine base, he was found responsible for 1.5 kilograms in the Presentence Investigation Report. *See id.* at *1-2.

In claiming that defendant should not be granted relief, the government alleged that if he were prosecuted after enactment of the First Step Act, he would have been prosecuted for a higher amount of drugs which would have subjected him to a lengthier sentencing range. *See id.* at *3. The district court rejected the government's argument, noting it was based on a hypothetical and it could not be determined what would have happened under those circumstances. While the government may have tried defendant for a higher amount of drugs if the law were different, the court did not assume the government would have done so—or that that it would have been successful if it did so:

> While it is possible that the government would have proceeded against Stanback under 18 U.S.C. § 841(b)(1)(A), it is also possible that it would not have chosen to do so. The government could have determined that evidence was insufficient to prove the quantity beyond a reasonable

doubt, or if it did indict him on that amount, the parties might have entered into a plea agreement involving less than 280 grams of cocaine base. The retroactive assumption suggestion by the government simply is too speculative a basis on which to determine Stanback's eligibility for a sentence reduction. Thus, this court declines to assume that Stanback would have been charged and convicted of possessing more than 280 grams of cocaine base if the Fair Sentencing Act had been in effect at the time he was convicted.

*Id*. at *4. The Court agrees with the reasoning in *Stanback*. It is possible the Government would have successfully prosecuted the Defendant for a higher amount of drugs. It is also possible such a prosecution would have been unsuccessful or the parties would have entered into a negotiated disposition. In hindsight, it is impossible to know with certainty how the case would have been resolved more than 20 years ago if the law then was as it is today. The Court declines to speculate on what might have happened. The Court believes the Defendant's sentence should be consistent with that of a similarly situated individual convicted of the same offenses today.

Because none of the crimes of conviction carry more than a 20-year maximum sentence, the Court will grant relief to the Defendant under the First Step Act. The Court previously determined that the sentences would run concurrently, based on the Parties' stipulation and the Court's consideration of the applicable sentencing factors and the Defendant's post-sentencing conduct. The Court noted then that Defendant did not have any major disciplinary infractions while in the custody of the Bureau of Prisons. *See* Doc. No. 284, at 2.

The Defendant's memorandum notes that Defendant has strived to improve himself during his imprisonment term. He has completed a drug education program, in addition to several academic and technical courses. Many of these courses were completed while the Defendant was subject to a 100-year prison term and it appeared likely that he would never leave prison, which suggests he was particularly motivated for self-improvement. Moreover, the Defendant has received just four misconduct citations in 22 years—none since the Court noted he had no major disciplinary infractions when ordering the sentences to run concurrently. Additionally, the Defendant is 57 years old, which suggests he is a lower risk to re-offend. Each of these considerations weigh in favor of imposing a reduced sentence under the First Step Act.

If the Defendant were sentenced today, his maximum term of imprisonment would be 20 years with a supervised release period of three years. *See* 21 U.S.C. §841(b)(1)(C). Should the Court exercise its discretion and sentence him to time served, the Defendant asks the Court to exercise its discretion to credit the time he has spent in prison in excess of 20 years toward his term of supervised release. As the Court noted, the maximum sentence the Defendant would receive today is 20 years and he has already spent 22 years in prison. The Seventh Circuit has recognized that courts have discretion to shorten supervised release terms in those circumstances: "A finding by this court that [the defendant] spent too long in prison

would not automatically entitle him to less supervised release. But it would carry great weight in a § 3583(e) motion to reduce that term." *Pope v. Perdue*, 889 F.3d 410, 415 (7th Cir. 2018). Based on the statutory sentencing factors that support the Defendant's motion and the lengthy period of incarceration, the Defendant claims the Court should exercise its discretion and credit time served by the Defendant in excess of 20 years against any period of supervised release.

The Court recognizes it has the discretion to reduce the statutory 3-year term of supervised release based on the amount of time the Defendant served in excess of 20 years. The Court likely would be inclined to reduce the supervised release term on that basis if the Defendant were subject to a mandatory five or more years. Given the 22 years the Defendant has spent in prison, however, the Court believes it is likely he needs more than one year of supervised release in order to successfully re-adjust to society. Although it is evident the Defendant has made significant progress during his prison term, the Court believes that a 3-year term of supervised release is important and the assistance and guidance of the United States Probation Office for those 3 years will make it more likely he succeeds.

The Government requests that, if the Defendant is sentenced to time served, the sentence be extended 10 days to allow the Bureau of Prisons to appropriately process his release. The Defendant states 10 days should not be necessary and that any stay be reduced to the minimum time required to actually process his release.

The Court finds 10 days to be reasonable under the circumstances. *See, e.g.*, *Stanback*, 2019 WL 1976445, at *6 ("The order will be stayed for 10 days to give the Bureau of Prisons an opportunity to process Stanback's release.").

Ergo, the motion of Defendant Charles R. Robinson, IV to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and Section 404 of the First Step Act [d/e 291] is GRANTED.

The Defendant's sentence of imprisonment is reduced to time served and Mr. Robinson is entitled to immediate release, upon confirmation he has a residence at which to reside and that information is provided to the United States Probation Office.

The Defendant's supervised release term is reduced to 3 years.

The current terms of supervised release shall remain in full force and effect subject to modification by the United States Probation Office.

The Clerk will send a copy of this Order to the United States Probation Office.

The Order shall be stayed for 10 days to give the Bureau of Prisons an opportunity to process the Defendant's release.

Order for Sentence Reduction to enter.

ENTER: May 15, 2019

FOR THE COURT:

/s/ *Richard Mills*

Richard Mills
United States District Judge